Jose Luis DURAN, Petitioner—
Appellant,

v.

Roy A. CASTRO, Warden,
Respondent—
Appellee.

No. 03–56374.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2004.

Decided July 12, 2004.

Michael Tanaka, Esq., Federal Public Defender'S Office, Los Angeles, CA, for Petitioner–Appellant.

Randall D. Einhorn, Esq., Office of the Attorney General, San Diego, CA, Robert R. Anderson, Depty Atty Gen, Office of the Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

632

Before T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM [*]

Jose Luis Duran, a California state prisoner convicted of murder, appeals the district court's denial of his 28 U.S.C. § 2254 petition. We affirm. Because the parties are familiar with the facts, we will not recite them here.

Although we conclude that the California Court of Appeal's decision was contrary to clearly established federal law,[1] the petitioner has not satisfied the *Brecht v. Abrahamson* [2] standard that we must apply on habeas.[3] He failed to establish that the misconduct occurred during the break immediately preceding the verdict, which would have justified an inference that the misconduct had a "substantial and injurious effect or influence in determining the jury's verdict." [4] Because the petitioner did not prove otherwise, we must hold that the misconduct was just as likely to have occurred in the earlier break. After the earlier break, and a substantial time before the jury returned its verdict, the trial court re-instructed the jury regarding the appropriate standards. Thus, the inference that the jurors followed the proper instructions, and not the extraneous material, is strong.[5]

AFFIRMED.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See* 28 U.S.C. § 2254(d)(1). Jury misconduct implicates constitutional rights. *See Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). The California Court of Appeal failed to apply the harmless error standard applicable on direct review of a federal constitutional error. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

2. 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

3. *See Bains v. Cambra,* 204 F.3d 964, 976—77 (9th Cir.2000).

4. *Brecht.* 507 U.S. at 637, 113 S.Ct. 1710 (internal quotation marks and citation omitted).

5. *See Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987).